IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR 16-199 |
| | ) |
| v. | ) |
| | ) |
| ANDRE ABRAMS | |

## MEMORANDUM ORDER

Andre Abrams is currently in state custody serving time on state charges. More specifically, on January 22, 2018, Abrams entered a plea of guilty to charges of delivery and possession with intent to deliver a controlled substance, in the Court of Common Pleas in Blair County, Pennsylvania. He was sentenced to a term of not less than 18 months to a maximum of five years. (ECF 11).  He committed this offense while on supervised release in this case as well as in case nos. 8-306 and 9-59.  Consequently, his term of supervised release was revoked and he was sentenced to a term of imprisonment of 18 months. (ECF 23). That period of incarceration will commence at the conclusion of his state sentence.

He has filed  a *pro se* Motion that I am treating as one for compassionate release pursuant to 18 U.S.C. § 3582.  (ECF 30) Probation and the Government have responded. (ECF 33, 34)  Even assuming, for purposes of this Motion only, that this Court could order compassionate release of someone who is not currently in federal custody, and that Abram's failure to exhaust administrative remedies is excused, he is not entitled to relief. Relief is dependent upon a consideration of the factors set forth in 18 U.S.C. § 3553(a) and a finding that "extraordinary and compelling reasons warrant

1

the reduction." U.S.S.G. § 1B1.13.[1]  According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition."  *Id.* at comment. n. 1(A), (C). Here, Abrams has not demonstrated any serious physical or medical condition. He references an "irregular heartbeat" but provides no support for this assertion. Further, he admits that he has been fully vaccinated against COVID-19.[2] The CDC explains that people are considered to be fully vaccinated two weeks after they have received the second dose in a 2-dose series. See Guidance for Fully Vaccinated People, CENTERS FOR DISEASE CONROL AND PREVENTION (updated July 27, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html [3] According to the CDC, the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection." CDC, Information about the Pfizer-BioNTech COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html. Having been vaccinated, Abrams "now has significant protection against serious illness or death should he contract COVID-19." *United States v. Singh*, Crim. No. 15-28, 2021 WL 92870, at * 3 (M.D. Pa. Mar. 11, 2021). As such, I am persuaded by the Government's argument that the administration of an effective COVID-19 vaccine lessens the risk of serious illness or death from a COVID-19 infection. *See also, United States v. Hannigan*, Crim. No. 19-373, 2021 WL 1599707, at

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.
[2] It also appears that Abram contracted, and recovered from COVID-19, without any significant consequence.
[3] According to the CDC, "currently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19. Additionally, a growing body of evidence suggests that fully vaccinated people are less likely to have asymptomatic infection and potentially less likely to transmit SARS-CoV-2 to others." *See Guidance for Fully Vaccinated People.*

* 5-6 (E.D. Pa. April 22, 2021) ("Each of the authorized COVID-19 vaccines are highly effective at protecting vaccinated people against symptomatic and severe COVID-19."), and *United States v. Stiver*, Crim. No. 17-64, 2021 WL 1110593, at * 1 (W.D. Pa. Mar. 23, 2021) (given the defendant's Pfizer vaccination, he cannot demonstrate an extraordinary and compelling reason for release). As have other courts, I recognize that the "COVID-19 situation is always-changing and that it is unclear how emerging COVID-19 variants will alter vaccine efficacy over time." *Hannigan*, 2021 WL 1599707 at * 5. As of now, however, the CDC indicates that the Abrams has significant protection against serious illness due to his vaccination. Consequently, he has not demonstrated extraordinary and compelling reasons for release and I need not continue in my analysis. However, I note that Abrams' lengthy criminal history, including his propensity to engage in criminal activity while on supervised release, the fact that his entire term of supervised release remains to be served, and the fact that prior sentences seem not to have deterred Abrams from engaging in further criminal conduct, all support denial of the Motion. See 18 U.S.C. §3553(a).

    Dated: August 24, 2021

BY THE COURT:

*Donetta F. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court